IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:03-CR-87-1H
NO. 4:12-CV-30-H

CEDRIC TYRONE BARRETT,  )
                                )
    Petitioner,              )
                                )
                                )
    v.                            )        **ORDER**
                                )
UNITED STATES OF AMERICA,  )
                                )
    Respondent.             )

This matter is before the court for preliminary examination of petitioner's 28 U.S.C. § 2255 motion, filed February 29, 2012.[1] Petitioner pled guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute more than 50 grams of cocaine base (crack) in violation of 21 U.S.C. § 846. Petitioner was sentenced on March 8, 2005, to a term of imprisonment of 168 months. Petitioner did not file an appeal.

**I. Rule 4 Standard**

Rule 4 of the Rules Governing Section 2255 Cases ("Rule 4") requires the court to conduct a preliminary examination of a

---

[1] Petitioner originally filed his § 2255 motion on February 29, 2012. Upon order of the court, he refiled his motion on the correct forms on March 15, 2012.

petition filed pursuant to 28 U.S.C. § 2255. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b). The court may dismiss some of the claims in the petition and allow the other claims to proceed. United States v. Talbott, 26 Fed. Appx. 167 (4th Cir. 2001) (unpublished).

Title 28 U.S.C. § 2255 provides relief for federal inmates only where it is shown that (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) the court was without jurisdiction to impose the sentence; or (3) the sentence exceeds the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255.

## II. Timeliness of Motion

Section 2255 further provides a one-year statute of limitation for actions filed pursuant to that section. The pertinent text of 28 U.S.C. § 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Petitioner asserts his motion is timely pursuant to 28 U.S.C. § 2255(f)(3) because he filed his motion within one year of the Fourth Circuit Court of Appeals' decision in United States v. Simmons, 649 F.3d 237 (August 17, 2011). However, subsection (f)(3) requires that the motion be filed within one year of the Supreme Court's initial recognition of a right, not a Court of Appeals' recognition and/or application of such right. Because the right upon which petitioner relies was decided by the Supreme Court in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), more than one year before the filing of petitioner's motion, petitioner's motion is not timely.

## CONCLUSION

For the foregoing reasons, petitioner's § 2255 motion [DE #76] is DISMISSED as untimely. Finding no substantial issue for appeal concerning the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED.

This 13th day of April 2012.

*Malcolm J. Howard*
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26

4